NO. 07-11-00145-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2011

EX PARTE SAMUEL BRAXTON

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Samuel Braxton, appearing *pro se,* has filed an original proceeding in this Court, requesting relief with regard to actions of the 364th District Court of Lubbock County. We will dismiss the proceeding for want of jurisdiction.

It is only with difficulty that we ascertain the relief Braxton seeks. By his primary pleading, it appears he requests that we aid his attempt to file post-conviction proceedings with the 364th District Court. To the degree it expresses a prayer for relief, it asks that we "review" his claim, "forward it to someone who can review it," or provide him an address to which he should send it. With his primary pleading, Braxton has submitted copies of correspondence and other documents, including a completed State Bar of Texas grievance form regarding his appointed counsel, Braxton's letter to Governor Perry, correspondence to and from the Lubbock Regional Mental Health and

Mental Retardation Center, and a partially completed form from the State of Indiana concerning habeas corpus relief.[1]

The documents Braxton submits contain mentions of several convictions, including burglary of a building, driving while intoxicated, criminal mischief, evading arrest, and possession of drug paraphernalia. However, none of the documents submitted are from any court proceeding, nor do any of them bear evidence of having been filed in any court.

Some of the documents refer to Cause No. 2009-423891. In an effort to ascertain the nature of the relief Braxton seeks, we have obtained from the Lubbock County District Clerk a copy of the judgment signed February 18, 2010 in that cause, by which Braxton was convicted, on his guilty plea, of the felony offense of driving while intoxicated, third or more. The focus of Braxton's complaint to us appears to be his dissatisfaction with his appointed attorney and another person. He asserts these two individuals lied to him, leading him to plead guilty.

No appeal was brought to this Court from the February 18, 2010 judgment. Post-conviction writs of habeas corpus brought after a final felony conviction are governed by article 11.07 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2007). Such writs are returnable to the Texas Court of Criminal Appeals. This Court has no jurisdiction over post-conviction habeas corpus proceedings under article 11.07. *See* Tex. Code Crim. Proc. Ann. arts. 11.05; 11.07 (West 2007).

---

[1] Because they seemed to involve post-conviction relief, on March 9, 2011, we forwarded Braxton's documents to the Texas Court of Criminal Appeals. The Court of Criminal Appeals returned them to us, advising that Braxton has no appeal or other matter pending before that Court.

If Braxton's pleading could be read to seek relief we have jurisdiction to grant, his documents nonetheless are entirely insufficient to demonstrate his entitlement to relief. The documents he has filed satisfy none of the requirements of a petition commencing an original proceeding. *See* Tex. R. App. P. 52 (governing original proceedings). As noted, the documents consist simply of copies of correspondence and other documents. Under the rules that govern proceedings in this Court, we could not take action on his pleading as presented.

Concluding that Braxton's pleading has not invoked our limited jurisdiction, we dismiss it for want of jurisdiction.

James T. Campbell
Justice

Do not publish.

3